748 S.E.2d 779

## In the Matter of Steven Robert LAPHAM, Respondent.

### Appellate Case No. 2013–000806.

Supreme Court of South Carolina.

Sept. 19, 2013.

## ORDER

By order dated January 15, 2013, the Court placed respondent on interim suspension and appointed James D. Jolly, Jr., attorney to protect respondent's clients' interests. *In the Matter of Lapham,* 402 S.C. 223, 742 S.E.2d 1 (2013). Pursuant to Rule 5(b)(6) and (7), RLDE, the Office of Disciplinary Counsel (ODC) filed a Petition to Issue Rule to Show Cause alleging respondent: 1) has not cooperated with Mr. Jolly; 2) failed to file the affidavit required by Rule 30, RLDE; 3) and has engaged in the unauthorized practice of law since his suspension. ODC petitioned the Court to require respondent to show cause why he should not be held in civil and criminal contempt and enjoined, sanctioned, fined, incarcerated, or otherwise punished for his misconduct.

The Court granted the Petition to Issue Rule to Show Cause and set this matter for hearing on July 24, 2013. At respondent's request, the matter was rescheduled to September 4, 2013. *See* Order dated July 23, 2013.

At the hearing, Mr. Jolly testified about his unsuccessful efforts to obtain all of respondent's client files, a list of counties where respondent practiced law, and information regarding respondent's law office bank accounts and liability carrier.[1] Julian L. Stoudemire, Esquire, testified respondent telephoned him after his interim suspension and recommended

---

1. The Chairman of the Commission on Lawyer Conduct issued an order compelling respondent to immediately relinquish all client files, papers, documents, and/or statements for all law office bank accounts and to promptly comply with Mr. Jolly's requests for additional information. The January 30, 2013, Commission order noted respondent's willful failure to comply with the order could result in respondent being punished as contempt of Court.

changes to a proposed family court order. Further information provides respondent collected partial payment of a retainer fee from a client after he was placed on interim suspension and that respondent contacted a city prosecutor and court coordinator inquiring about a continuance for a client after he was placed on interim suspension.

Respondent testified that he did not intentionally fail to cooperate with Mr. Jolly and did not willfully intend to violate the Court's order placing him on interim suspension. He explained that, in an effort to protect his clients, he contacted court officials about a continuance and opposing counsel about a proposed order while suspended. Respondent further testified that he collected partial payment of a retainer fee from a client whose criminal case he believed had been dismissed. Respondent admitted he did not file the affidavit required by Rule 30, RLDE, in spite of the Clerk of Court's letter notifying him that the affidavit must be filed within fifteen (15) days of the order of suspension and notice that failure to comply may result in a finding of civil or criminal contempt.

We find respondent willfully violated the Court's January 15, 2013, order placing him on interim suspension by failing to cooperate with Mr. Jolly, failing to file the affidavit required by Rule 30, RLDE, and by engaging in the unauthorized practice of law. By order dated September 4, 2013, the Court found respondent in criminal contempt of Court beyond a reasonable doubt and sentenced him to sixty (60) days imprisonment. The order specified respondent was to be immediately delivered to the Alvin S. Glenn Detention Center upon the conclusion of a meeting with Mr. Jolly and that a formal order addressing civil contempt would follow.[2]

By his conduct cited above, we also find respondent in civil contempt of this Court by clear and convincing evidence and sanction respondent as follows:

1. within two (2) weeks after the completion of his sixty (60) day criminal sentence, respondent shall file the affidavit required by Rule 30, RLDE; and

---

2. The Court instructed respondent to meet with Mr. Jolly within the confines of the Supreme Court courthouse immediately upon adjournment of the rule to show cause hearing.

2. respondent shall fully cooperate with Mr. Jolly until his appointment as attorney to protect respondent's clients' interests is terminated by this Court.

Failure to comply with these sanctions shall result in respondent's incarceration until such time as he fully complies with the terms of this order.

/s/Jean H. Toal, C.J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
FOR THE COURT.

As indicated by the order of September 4, 2013, we did not find respondent in criminal contempt of Court. However, we concur with the majority's finding of and sanctions for civil contempt.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.
FOR THE COURT.